IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 14 cv 00602 JPG-DGW |
| | ) |
| WOMICK LAW FIRM, CHTD. and JOHN P. WOMICK, an Individual, BEAU McFARLIN, an Individual, and JENNIFER McFARLIN, an Individual, | ) ) ) ) |
| | |
|     Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Essex Insurance Co. ("Essex"), by its counsel, Anne L. Blume and Le G. Trieu, states as follows for its Complaint for Declaratory Judgment against Womick Law Firm, Chtd. (the "Firm"), John P. Womick ("Womick"), Beau McFarlin, and Jennifer McFarlin:

This is an action seeking a judicial declaration that Essex has no duty to defend or indemnify the Firm and Womick under a policy of Lawyers Professional Liability Insurance Policy, Policy No. LA-806252, with respect to the lawsuit Beau McFarlin filed against the Firm and Womick, styled *Beau McFarlin v. John P. Womick and Womick Law Firm, Chtd.* filed in the Circuit Court of the First Judicial Circuit, Williamson County, Docket No. 14 L 67 (the "Legal Malpractice Action").

## THE PARTIES

1. Essex is a Delaware corporation engaged in the insurance business with its principal place of business located at Glen Allen, Virginia.

2. The Firm is an Illinois Corporation with its principal place of business located at 501 Rushing Drive, Herrin, IL 62948.

1

3. John P. Womick is the principal of the Firm who, upon information and belief, is a citizen of the State of Illinois.

4. Upon information and belief, Beau McFarlin is a citizen of the State of Illinois.

5. Upon information and belief, Jennifer McFarlin is a citizen of the State of Illinois (collectively, with Beau McFarlin, the "McFarlins").

6. Upon information and belief, the McFarlins hired the Firm and/or Womick to represent their interests arising out of an occurrence that took place on or about May 3, 2008 when Beau McFarlin was a patron at Hong Kong Buffet a/k/a The Mongolian Barbeque at the Illinois Centre Mall wherein he fell and sustained serious personal injuries (the "Occurrence") out of which the Legal Malpractice Action and thus this action for declaratory relief arise.

## STATEMENT OF JURISDICTION AND VENUE

7. This action is brought pursuant to 28 USC §§ 2201 and 1332. Plaintiff Essex is a citizen of Delaware and Virginia and, upon information and belief, all of the defendants are citizens of Illinois.

8. An actual controversy exists between Essex, on the one hand, and the Firm and Womick, on the other hand, regarding the existence of coverage under an insurance policy that Essex issued to the Firm in connection with the Legal Malpractice Action.

9. The amount in controversy exceeds the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest. Upon information and belief, Mr. McFarlin seeks damages from the Firm and Womick in the Legal Malpractice Action in an amount in excess of $75,000. In addition to the damages sought by Mr. McFarlin, Essex is also being asked to provide a defense to the Firm and Womick in the Legal Malpractice Action.

10. Venue is appropriate in the United States Court for the Southern District of Illinois under 28 U.S.C. § 1391(a)(1) as the Defendants reside in this judicial district.

## RELEVANT FACTS

11. Essex issued a Lawyers Professional Liability Insurance Policy, Policy No. LA-806252 (the "Policy"), to the Womick Firm, Chtd. which provided insurance coverage pursuant to its terms and conditions on a Claims Made basis for the period of August 22, 2012 to August 22, 2013. A copy of the Policy is attached as Exhibit A.

12. On or about June 4, 2013, the Firm and Womick put Essex on notice of a potential claim arising out of their relationship with the McFarlins relating to the Occurrence.

13. On or about July 25, 2013, Essex wrote to the Firm and Womick and accepted the information the Firm and Womick provided as notice of circumstances of a potential claim such that any claim of the McFarlins against the Firm and/or Womick arising out of the Occurrence would be considered a Claim made under the Policy. A copy of the July 25, 2013 letter is attached as Exhibit B.

14. After the Policy expired, on April 29, 2014, Beau McFarlin filed a two-count complaint styled *Beau McFarlin v. John P. Womick and Womick Law Firm, Chtd.* in the Circuit Court of the First Judicial Circuit, Williamson County, Docket No. 14 L 67 against the Womick Law Firm, Chtd. and John P. Womick. A copy of the complaint is attached as Exhibit C.

15. McFarlin alleges that he was a patron at Hong Kong Buffet a/k/a The Mongolian Barbeque at the Illinois Centre Mall on May 3, 2008 when he fell and sustained serious personal injuries (the "Occurrence"). Ex. C, Counts I and II, ¶¶ 3 and 4.

16. McFarlin also alleges that he sought advice and counsel of the Firm and Womick to determine whether he had a meritorious cause of action arising out of the Occurrence. Ex. C, Counts I and II, ¶¶ 5.

17. McFarlin further alleges that the Firm and Womick advised him that, in fact, he had a meritorious cause of action. Ex. C, Counts I and II, ¶¶ 6.

18. McFarlin alleges that he hired the Firm and Womick to prosecute any and all claims and to timely file any claims arising out of the Occurrence. Ex. C, Counts I and II, ¶¶ 7.

19. McFarlin alleges in Count I that Womick failed to timely file or cause to be filed any complaint for damages arising out of the Occurrence. Ex. C, Count I, ¶ 10.

20. In Count II, McFarlin alleges that the Firm failed to timely file or cause to be filed any complaint for damages arising out of the Occurrence. Ex. C, Count II, ¶ 10.

21. On July 8, 2008, the Firm and/or Womick filed a lawsuit in the Circuit Court of the First Judicial Circuit, Williamson County, Docket No. 08 L 96, styled *Beau and Jennifer McFarlin v. Hong Kong Buffet, et al* (the "First Underlying Action"). A copy of the complaint in the First Underlying Action is attached as Exhibit D.

22. The Court's Docket Report states that the First Underlying Action was dismissed for want of prosecution on February 9, 2010. A copy of the Docket Report for the First Underlying Action is attached as Exhibit E.

23. On May 3, 2010, the Firm and/or Womick filed a lawsuit in the Circuit Court of the First Judicial Circuit, Williamson County, Docket No. 10 L 59, styled *Beau and Jennifer McFarlin v. Hong Kong Buffet, et al* (the "Second Underlying Action"). A copy of the complaint in the Second Underlying Action is attached as Exhibit F.

24. The Court's Docket Report states that the Second Underlying Action was dismissed for want of prosecution on May 8, 2011. A copy of the Docket Report for the Second Underlying Action is attached as Exhibit G.

25. The Firm and Womick sought coverage for the Legal Malpractice Action under the Policy.

26. Essex issued its coverage correspondence to the Firm and Womick on May 23, 2014 and advised the Firm and Womick that the Policy did not provide coverage for the claims arising out of their relationship with the McFarlins. A copy of the May 23, 2014 letter is attached as Exhibit H.

## COUNT I

27. Essex repeats and incorporates by reference the allegations contained in paragraphs 1 through 26 of this complaint as and for its paragraph 27 as if fully set forth herein.

28. The Policy contains the following relevant provisions:

**INSURING AGREEMENT**

The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in Item 5. of the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision, by reason of:

A. a Wrongful Act arising out of Professional Legal Services; or

B. Personal Injury committed by the Insured;

provided:

1. the entirety of the Wrongful Act or Personal Injury happens during the Policy Period or on or after the Retroactive Date stated in Item 7. of the Declarations; and

2. prior to the effective date of this policy no Insured had any knowledge of such Wrongful Act or Personal Injury or any fact, circumstance, situation or incident which would lead a reasonable person in that Insured's position to conclude that a Claim was likely.

*   *   *

      **DEFINITIONS**

  K.    **Wrongful Act** means any act, error or omission by the Insured in rendering
  or    failing to render Professional Legal Services for others.

Exhibit A at pp. 1 and 3.

    29.    The Retroactive Date of the Policy is August 14, 2011. Ex. A, Declarations Page.

    30.    The Legal Malpractice Action seeks damages for alleged Wrongful Acts which all took place before August 14, 2011.

    31.    Essex has denied that the Policy provides coverage to the Firm and Womick for the Legal Malpractice Action because the Wrongful Acts all took place before August 14, 2011. Ex. H.

    32.    The Firm and Womick dispute Essex's position that there is no coverage under the Policy for the Legal Malpractice Action.

## COUNT II

    33.    Essex repeats and incorporates by reference the allegations contained in paragraphs 1 through 26 of this complaint as and for its paragraph 33 as if fully set forth herein.

    34.    The statute of limitations applicable to causes of action arising out of the Occurrence is two (2) years pursuant to 735 ILCS 5/13-202.

    35.    At all times relevant hereto, there has been in full force and effect in Illinois, a statute which provides as follows:

> Sec. 13-217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by

the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.

36. As of May 8, 2011, the date on which the Second Underlying Lawsuit was dismissed for want of prosecution, no legal action could be filed on behalf of the McFarlins arising out of the Occurrence.

37. As of May 8, 2011, all causes of action available to the McFarlins arising out of the Occurrence were barred under Illinois law.

WHEREFORE, Essex requests that this Court enter judgment, as follows:

(a) declaring that the Policy does not provide coverage for the Legal Malpractice Action;

(b) declaring that Essex has no duty to defend the Firm or Womick under the Policy with respect to the Legal Malpractice Action;

(c) declaring that Essex has no duty to indemnify the Firm or Womick under the Policy with respect to the Legal Malpractice Action; and,

(d) for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

MECKLER BULGER TILSON MARICK & PEARSON LLP

By: */s/ Le G. Trieu*
One of the Attorneys for Plaintiff

Anne L. Blume (6206581)
Le G. Trieu (6297789)
MECKLER BULGER TILSON MARICK & PEARSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900
(312) 474-7898 (Fax)