IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ESSEX INSURANCE COMPANY**,

**Plaintiff,**

v.  No. 14-0602-DRH

**WOMICK LAW FIRM, CHTD. and
JOHN P. WOMICK, an Individual,
BEAU McFARLIN, an Individual,
and JENNIFER McFARLIN,**

**Defendants.**

---

**WOMICK LAW FIRM, CHTD., and
JOHN P. WOMICK, and BEAU McFARLIN,**

**Counter-Plaintiffs,**

v.

**ESSEX INSURANCE COMPANY,**

**Counter-Defendant.**

## MEMORNADUM and ORDER

**HERNDON, District Judge:**

Now before the Court is Beau McFarlin's motion to stay proceedings (Doc. 46). The Womick Law Firm, Chtd., John P. Womick and Jennifer McFarlan-Twitchell join in the motion. Essex Insurance Company opposes the motion (Doc. 47). Based on the following, the Court grants the motion to stay.

A movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. *Indiana State Police Pension Trust v. Chrysler, LLC*, — U.S.—, 129 S. Ct. 2275, 2277 (2009). "District Courts have wide discretion in adjudicating declaratory judgment actions and motions to stay proceedings." *Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1134 (7th Cir. 2012). The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 WL 1565839 at *2 (S.D. Ill. June 22, 2005) (Herndon, J.) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Id*. (citation omitted).

Originally, Essex filed this lawsuit seeking a declaration that it does not owe a duty to defend or indemnify the Womick Law Firm and Womick under a policy of professional liability insurance Essex issued to the Womick Law Firm and Womick for the allegations in the lawsuit which Beau McFarlin filed against the Womick Law Firm and Womick for alleged legal malpractice (Doc. 3). Thereafter, Essex amended its complaint three times (Docs. 7, 21 & 50). The current complaint is Essex's third amended complaint for declaratory judgment (Doc. 50). The third

amended complaint contains five counts. Presently, there are two underlying cases filed in Williamson County, Illinois Circuit Court alleging legal malpractice against the Womick Law Firm and Womick: *McFarlin v. John P. Womick and Womick Law Firm, Chtd.*, 14-L-67 and *McFarlin-Twitchell v. John P. Womick and Womick Law Firm, Chtd.*, 14-L-147. These cases are named in the third amended complaint as the basis for which Essex seeks a declaration from this Court that it does not owe a duty to defend or indemnify the Womick Law Firm or Womick under the malpractice liability insurance policy.

McFarlin, joined by the Womick Law Firm, Womick and McFarlin-Twitchell, move the Court to stay the proceedings pending the outcome of the underlying state court cases. Essex opposes the motion arguing that the Court will not need to make any factual findings in this case that are at issue in either of the underlying state cases. Here, the Court finds that a stay is warranted based on the allegations contained in the third amended complaint and the underlying state cases. A stay will avoid piecemeal litigation and promote judicial efficiency. Further, the Court finds that a stay will not unduly prejudice or produce hardships on any of the parties.

Accordingly, the Court **GRANTS** the motion to stay (Doc. 46).

**IT IS SO ORDERED.**

Signed this 8th day of January, 2015.

David R. Herndon
2015.01.08
16:17:26 -06'00'

**United States District Judge**

Page **3** of **3**